**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000471
16-JAN-2019
07:44 AM**

NO. CAAP-17-0000471

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
DARRYL THOMAS,
Defendant-Appellant,
/

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 14-1-1031)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Darryl Thomas (Thomas) appeals from the Judgment of Conviction and Sentence, filed May 24, 2017, (Judgment) in the Circuit Court of the First Circuit (circuit court).[1]

Plaintiff-Appellee State of Hawai'i (State) indicted Thomas on Count I, Attempted Murder in the Second Degree under Hawaii Revised Statutes (HRS) §§ 705-500 (2014), 707-701.5 (2014), and 706-656 (2014); Count II, Burglary in the First Degree under HRS § 708-810(1)(c) (2014); and Count III, Terroristic Threatening in the Second Degree under HRS § 707-717 (2014). On March 7, 2017, after a jury-waived trial, the circuit court found Thomas guilty of the lesser included offense of

---

[1] The Honorable Sherri L. Iha presiding.

Attempted Assault in the First Degree in Count I (HRS §§ 705-500 & 707-710)[2] (2014), and guilty as charged of Burglary in the First Degree in Count II and Terroristic Threatening in the Second Degree in Count III.  The circuit court denied the State's motion for extended sentencing and sentenced Thomas to ten years of imprisonment for Count I, to run consecutively with ten years of imprisonment for Count II and concurrently with one year of imprisonment for Count III.

On appeal, Thomas raises a single point of error, contending that the circuit court abused its discretion in sentencing Thomas to a term of imprisonment for Count II consecutive to the term of imprisonment for Count I.[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Thomas' point of error as follows:

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

---

[2] The Judgment incorrectly reflects that Thomas was convicted of HRS § 707-720.  It should reflect a conviction for HRS § 707-710.  As set forth *infra*, we remand this case for correction of the error in the Judgment.

[3] The Reply Brief was submitted *pro se* and alleges additional points of error related to the circuit court's consideration of the presentence diagnosis and report and the medical testimony presented at trial.  These issues are deemed waived because issues on appeal may only be raised in the Opening Brief.  State v. Mark, 123 Hawai'i 205, 230, 231 P.3d 478, 503 (2010) (citing In re Hawaiian Flour Mills, Inc., 76 Hawai'i 1, 14 n. 5, 868 P.2d 419, 432 n. 5 (1994) (holding that arguments raised for the first time in the reply briefs on appeal were deemed waived)).  This waiver is not absolute and is subject to the court's inherent authority to address plain error and without prejudice to a Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2013) petition for post-conviction relief in conjunction with claims of ineffective assistance from trial and/or appellate counsel.  See State v. Mark, 123 Hawai'i at 230 (noting that appellate courts may address plain error raised in reply brief); Briones v. State, 74 Haw. 442, 459, 848 P.2d 966, 975 (1993) (explaining that issues of ineffective assistance of both trial and appellate counsel may be raised in a HRPP Rule 40 petition for post-conviction relief, in certain situations).

State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (citation omitted).

Thomas contends that the circuit court abused its discretion by sentencing him to consecutive terms of imprisonment (rather than the requested probation or two concurrent ten-year terms) for two reasons: (1) consecutive sentences are disproportionate to the crime and, (2) the circuit court failed to address "statutory factors, mitigating factors and the testimony presented at trial, whether or not there was an extensive criminal history, the failure to benefit from previous court supervision, [and] that there was one victim in one incidents [sic] involved in these offenses."

"A sentencing court has discretion to order multiple terms of imprisonment to run concurrently or consecutively." Id. (citing HRS § 706-668.5(1) (2008)). HRS § 706-668.5(2) (2014) states: "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606." HRS § 706-606 (2014) provides:

> The court, in determining the particular sentence to be imposed, shall consider:
> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed:
>     (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>     (b) To afford adequate deterrence to criminal conduct;
>     (c) To protect the public from further crimes of the defendant; and
>     (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) The kinds of sentences available; and
> (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

The Supreme Court of Hawaiʻi stated:

> "Absent clear evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606." Kong, 131 Hawaiʻi at 102, 315 P.3d at 728 (internal brackets, quotation marks, and citation omitted). However, "circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." Id. (internal quotation marks and citation omitted; emphasis in original). Even if the

3

> sentencing court addresses the HRS § 706-606 factors, and states its reasons on the record, the sentence must be vacated if the court relies upon any improper factors. <u>See</u> [<u>State v.</u>] <u>Mikasa</u>, 111 Hawai'i [1,] 9, 135 P.3d [1044,] 1052 (2006).

<u>State v. Barrios</u>, 139 Hawai'i 321, 333, 389 P.3d 916, 928 (2016).

Therefore, in the absence of clear evidence to the contrary, if the circuit court states on the record reasons for imposing consecutive sentences it is presumed that the circuit court considered the proper statutory factors. An imposition of consecutive sentences is not an abuse of discretion if "the trial court did not clearly exceed the bounds of reason or disregard rules or principles of law or practice to [the defendant's] substantial detriment." <u>State v. Loa</u>, 83 Hawai'i 335, 356, 926 P.2d 1258, 1279 (1996).

A consecutive sentence rises to the level of constitutionally cruel and unusual punishment, and is thus "disproportionate," if:

> in the light of developing concepts of decency and fairness, the prescribed punishment is so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community.

<u>Id.</u> at 357, 926 P.2d 1280 (quoting <u>State v. Kumukau</u>, 71 Haw. 218, 226-227, 787 P.2d 682, 687 (1990)).

Thomas' contention that the imposition of consecutive sentences was disproportionate is without merit. As required in <u>Barrios</u>, the circuit court stated the reasons for its decision when imposing consecutive sentences:

> "Mr. Thomas, you know, the Court has no doubt that you are remorseful for your actions. However, the trust that was put in you and how you handled it and your persistent, you know, going back to the residence and, you know, the facts of the actual case itself are so egregious, the threatened harm, you know, the history of delinquency, and, you know, the Court cannot find that the circumstances are not likely to recur if you're out again."

The circuit court denied the State's request for extended sentencing as disproportionate, but granted the State's request for consecutive terms to protect the public from further crimes of the defendant in accordance with HRS § 706-606(2)(c). The circuit court is thus presumed to have considered all of the

proper statutory factors.

Thomas argues that the imposition of consecutive sentences for two crimes related to the same series of events is disproportionate. We reject this argument. The number of victims and incidents is not one of the HRS § 706-606 factors and a circuit court's consideration of those factors is improper. State v. Long, No. CAAP-16-0000014, 2018 WL 332982, at *4 (Haw. App. Jan. 9, 2018) (SDO) (overturning a circuit court's imposition of consecutive sentences because the circuit court improperly considered the non-statutory factor: "the fact that the offenses involved two separate victims in two separate incidents"), cert. denied, 2018 WL 1957138 (Haw. Apr. 26, 2018). Thus, in this case, the fact that Thomas was convicted of two different crimes attendant to the same incident did not preclude the imposition of consecutive sentences for the purposes of deterrence. Thomas admitted that after his arrest he threatened to return to finish the assault and kill both the victim and her family. The circuit court properly applied the HRS § 706-606 factors when it found that a single ten-year term of imprisonment was insufficient deterrence and imposed a consecutive sentence for the explicit purpose of preventing Thomas from engaging in similar acts in the future.

Thomas states that the circuit court's imposition of consecutive sentences for two crimes related to the same series of events circumvents the legislature's authority to set the maximum sentence for an offense. We disagree. In HRS § 706-668.5 (Supp. 2017),[4] the legislature expressly provided the courts with authority to designate that multiple terms of

---

[4] HRS § 706-668.5 (Supp. 2017) states in relevant part:

(1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
(2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

imprisonment run consecutively, so long as the court considers the HRS § 706-606 factors. The Supreme Court of Hawai'i, interpreting HRS § 706-668.5, has stated that: "[d]iscretionary use of consecutive sentences is properly imposed in order to deter future criminal behavior of the defendant, to insure public safety, and to assure just punishment for the crimes committed." State v. Tauiliili, 96 Hawai'i 195, 199, 29 P.3d 914, 918 (2001). Thus, the circuit court has authority to impose consecutive sentences.

Finally, Thomas misconstrues Barrios when he argues that the circuit court failed to state on the record the "statutory factors, mitigating factors and the testimony presented at trial, whether or not there was an extensive criminal history, the failure to benefit from previous court supervision, [and] that there was one victim in one incidents [sic] involved in these offenses." The Hawai'i Supreme Court in Barrios stated:

> "the sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606 [,]" but rather must "articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences."

Barrios, 139 Hawai'i at 336, 389 P.3d at 931 (quoting Kong, 131 Hawai'i at 102, 315 P.3d at 728).

Thomas acknowledges that the circuit court considered some of the HRS § 706-606 factors on the record when imposing the consecutive sentence. Thomas provides no evidence that the circuit court did not consider the required HRS § 706-606 factors in making its decision, and Thomas presents no evidence or implication that the circuit court considered an improper or extraneous factor when imposing Thomas' consecutive sentences. See, e.g., Barrios, 139 Hawai'i at 338, 389 P.3d at 933 (noting that it is improper for a court to rely on a defendant's refusal to admit guilt as a factor in imposing sentence); Mikasa, 111 Hawai'i at 9, 135 P.3d at 1052 (noting that it is improper for a court to consider evidence of gang association in imposing sentence). Thus, we reject Thomas' argument that the circuit

court failed to consider the proper statutory factors in imposing a consecutive sentence in this case.

Accordingly, we conclude that the circuit court did not err in sentencing Thomas to consecutive terms of imprisonment for Counts I and II.  The "Judgment of Conviction and Sentence" entered on May 24, 2017, in the Circuit Court of the First Circuit is affirmed, except that we remand the case to correct the error in the Judgment as referenced in footnote 2 herein.

DATED:  Honolulu, Hawai'i, January 16, 2019.


On the briefs:

Shawn A. Luiz
(on Opening Brief)
for Defendant-Appellant.

Darryl Thomas
(on Reply Brief)
Defendant-Appellant, Pro Se.

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

7